**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 15-00029-VAP (KKx)                              Date:  January 9, 2015

Title:   CATHAY BANK, A CALIFORNIA CORPORATION -v- AYAMI FORTUNES LLC, A LIMITED LIABILITY COMPANY, etc., et al.
================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

|  Marva Dillard  |  None Present  |
|  Courtroom Deputy  |  Court Reporter  |

ATTORNEYS PRESENT FOR PLAINTIFFS:

None

ATTORNEYS PRESENT FOR DEFENDANTS:

None

PROCEEDINGS:   MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

   On September 19, 2014, Plaintiff Cathay Bank ("Cathay") filed a Complaint in the California Superior Court for the County of San Bernardino for Unlawful Detainer against Defendants Ayami Fortunes, LLC, and John Dimowo, M.D. ("Dimowo") in case number UDFS 1406429.  (See Attachment to Not. of Removal (Doc. No. 1).)  On January 6, 2015, Dimowo, appearing pro se, removed the action to this Court on the basis of federal question jurisdiction, asserting that Cathay violated the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5201.  (See Not. of Removal.)  For the following reasons, the Court REMANDS the action to the California Superior Court for the County of San Bernardino.

   Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth

EDCV 15-00029-VAP (KKx)
CATHAY BANK, A CALIFORNIA CORPORATION v. AYAMI FORTUNES LLC, A LIMITED LIABILITY COMPANY, etc., et al.
MINUTE ORDER of January 9, 2015

Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

    Dimowo argues that removal is based on a federal question, because Cathay's unlawful detainer action "intentional fails to allege compliance with the PFTA, serving only a 3 day notice to quit."  (Not. of Removal at 3.)  According to Dimowo, the PTFA entitled him to ninety days notice before his tenancy was terminated by Cathay.  (Id.)

    Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law.  From the face of the Complaint, however, Cathay's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint).  Furthermore, as the Ninth Circuit has recently held, the PTFA "does not create a private right of action."  Logan v. U.S. Bank Nat'l Ass'n, 722 F.3d 1163, 1165 (9th Cir. 2013).  In other words, Cathay is barred from suing Dimowo under the PTFA.  Thus, the argument that Cathay has stated a federal claim under the PTFA upon which this Court may exercise jurisdiction is without merit.  As "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction," the Court will remand this action.  See Cooper v. Washington Mut. Bank, 2003 WL 1563999, at *2 (N.D. Cal. Mar. 19, 2003).

    Additionally, the Court also notes that this is the second time Dimowo has removed this action to the district court.  On November 19, 2014, Dimowo removed

EDCV 15-00029-VAP (KKx)
CATHAY BANK, A CALIFORNIA CORPORATION v. AYAMI FORTUNES LLC, A LIMITED LIABILITY COMPANY, etc., et al.
MINUTE ORDER of January 9, 2015

this action in case number 5:14-cv-02388-DSF-DTB.  The case was sua sponte remanded on December 12, 2014.  In the order remanding, Judge Fischer stated that "[t]he removing defendant attempts to raise several federal claims, but federal defenses or counterclaims do not provide a basis for federal question jurisdiction."  <u>Cathay Bank v. Ayami Fortunes, LLC, et al.</u>, 5:14-cv-02388-DSF-DTB (C.D. Cal. December 12, 2014) (Doc. No. 14).

      The Court cautions Dimowo that if he attempts to remove this action again, the Court will entertain a motion filed by Cathay, upon proper notice to Dimowo, for sanctions.  These sanctions may include, but are not limited to, monetary sanctions or a declaration that Dimowo is a vexatious litigant subject to certain restrictions on filing future cases in federal court.

      Accordingly, the Court REMANDS this matter to the California Superior Court for the County of San Bernardino.

      **IT IS SO ORDERED.**